**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JAKE DEREK JOLLY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sheriff VAN PEAVY; | : | |
| Officer GOODROW; | : | |
| Officer PEAVEY; | : | |
| Captain TURNER; | : | |
| Sgt. BROGDON, | : | |
| | : | NO. 5:12-CV-241 (MTT) |
| | : | |
| Defendants | : | **ORDER AND RECOMMENDATION** |

Plaintiff **JAKE DEREK JOLLY**, an inmate at the Bleckley Probation Detention Center in

Cochran, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security

therefor pursuant to 28 U.S.C. § 1915(a).  Based on Plaintiff's submissions, the Court finds that

Plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** Plaintiff's motion to

proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. §

1915(b)(1).  Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this

Order and Recommendation.  The Clerk of Court is directed to send a copy of this Order and

Recommendation to the business manager of the Bleckley Probation Detention Center.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that on April 28, 2012, while he was incarcerated at the Dooly County Justice Center, Sgt. Brogdon, accompanied by Officers Peavey and Goodrow, beat, kicked, and pepper-sprayed him "while [he] was being secured in handcuffs in [his] cell." (Doc. 1 at 5). He explains that Officer Peavey handcuffed him; Officer Goodrow held him down by placing his knee in Plaintiff's back; and Sgt. Brodgon hit him in the head multiple times. According to the complaint, Plaintiff "suffered heavy bleeding, huge swellings, . . . [a] concussion and ongoing headaches." (Doc. 1 at 5). Plaintiff states that he was transported to the Crisp Regional Hospital to receive a MRI or CAT scan and to have staples placed in his head. Plaintiff alleges he still suffers blurred vision and severe headaches.

Plaintiff alleges that the next day, April 29, 2012, Sgt. Brogdon returned to his cell and asked him to give a "witness statement so he could close out his report." (Doc. 1 at 8). Plaintiff states that he refused and Sgt. Brogdon "went into [a] rage" before "[h]e left and never said anything else about it." (Doc. 1 at 8). Plaintiff explains that on April 29, 2012, Sgt. Brogdon's sister, Marilyn Brogdon (not named as a Defendant in this action), threatened him. Plaintiff states that he asked Captain Turner and Sheriff Peavey to place him in protective custody because Sgt. Brogdon was still working at Dooly County Justice Center and was threatening him. Plaintiff alleges that these requests were denied but he was later transferred from the Dooly County Justice Center to another facility.

According to Plaintiff, he had to attend a disciplinary hearing regarding the incident with Sgt. Brogdon, and Officers Peavey and Goodrow. He explains that he received "17 days for resisting arrest." (Doc. 1 at 8). According to Plaintiff, he was then falsely charged with masturbating in front of an officer and received "5 days extra," but was not allowed a disciplinary hearing. Plaintiff states that he has filed grievances regarding all of these allegations and "with so many grievances filed they then took 10 days of [his] recreation" from him. (Doc. 1 at 8). Plaintiff, undeterred, states that he simply filed another grievance regarding the loss of recreation time. However, he never received a response to this grievance.

Plaintiff seeks $3 million dollars in damages and to have "these officers arrest[ed]." (Doc. 1 at 6).

The Court finds that Plaintiff has raised sufficient facts so that his claim that Defendants Sgt. Brogdon, Officer Peavy, and Officer Goodrow violated the Eighth Amendment when they used excessive force on April 28, 2012 should proceed beyond this initial screening. Plaintiff may seek damages against these Defendants, but the Court has no authority to have any named Defendant arrested or prosecuted. Plaintiff cannot initiate criminal pleadings on his own initiative because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Furthermore, federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Id*.

Consequently, it is **RECOMMENDED** that Plaintiff's request that Defendants be arrested be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Plaintiff's only complaint against Captain Turner and Sheriff Van Peavy appears to be that they denied him protective custody following the alleged assault by Defendants Goodrow, Peavy, and Brogdon. Contrary to Plaintiff's assertions, there is no constitutional right to protective custody. Moreover, it does not appear that Plaintiff was harmed in any manner because he was denied protective custody. While there is an Eighth Amendment right "to be protected from the constant threat of violence and physical assault by other inmates," *Zatler v. Wainwright*, 802 F.2d 397, 400

(1986),  a prisoner has no constitutional right to be placed into protective custody simply because he requests such confinement.  The decision to place a prisoner into protective custody is one that would "arise in the day-to-day operation of a corrections facility [that is] not susceptible of easy solutions."  **Bell v. Wolfish**, 441 U.S. 520, 547 (1979).  Normally, courts must defer to the "professional expertise of corrections officials" regarding such administrative determinations.  *Id.* at 548.  For example, the Supreme Court has explained that a prisoner has no constitutional right to be transferred to, or to remain in, any particular penal facility.  **Meachum v. Fano**, 427 U.S 215 (1976).  Additionally, the placement and classification of inmates inside a prison "is a matter peculiarly within the province of prison authorities' administrative duties." **Freeman v. Fuller**, 623 F. Supp 1224, 1227 (S. D. Fla. 1985); **Young v. Wainwright**, 449 F.2d 338, 339 (5th Cir. 1971) (explaining that "[c]lassification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances").  Similarly, the placement into protective custody is not a constitutionally protected right. **Jackson v. Johnson**, No.  4:04-CV-110, 2005 U.S. Dist. Lexis 21720 at *23 (M. D. Ga. June 17, 2005), *aff'd* 2004 U.S. Dist. LEXIS 21686 (M. D. Ga.  Sept. 20, 2005); **Adams v. Rice**, 40 F.3d 72 (4th Cir. 1994).

Prison officials violate the Eighth Amendment only if they are deliberately indifferent to a substantial risk of harm to an inmate. **Farmer v. Brennan**, 511 U.S. 825 (1984).  A constitutional violation occurs when (1) the prison official is aware of a substantial risk of serious harm and (2) does not respond reasonably.  *Id.* at 834.  Plaintiff has not shown a substantial risk of serious harm following the April 28, 2012 alleged assault and he has not shown that Captain Turner and Sheriff

Van Peavy responded unreasonably to his request to be placed in protective custody.  Plaintiff merely alleges that Defendant Brogdon and Brogdon's sister threatened him on the days following the alleged assault.  He does not allege that he was physically harmed or assaulted after April 28, 2012 or after Defendant Brogdon and his sister made these alleged threats.  Threats by prison officials do not rise the level of a constitutional violation.  ***Stacey v. Ford***, 554 F. Supp. 8 (N. D. Ga. 1982).  It simply does not appear that Plaintiff was harmed by remaining in the general population.[1]

Consequently, it is **RECOMMENDED** that Plaintiff's failure to protect claim lodged against Sheriff Van Peavey and Captain Turner be **DISMISSED** from this action and, as this is the only claim against these two Defendants, it is **RECOMMENDED** that they be **DISMISSED** from the action as well.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Any due process claims that Plaintiff is attempting to make regarding false charges and the failure to hold a disciplinary hearing, must be dismissed.  First, Plaintiff has named no Defendants in relation to this claim.  Additionally, in ***Sandin v. Conner***, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under

---

[1]Normally the duty to protect a prisoner involves protecting him or her from violence at the hands of other prisoners.  Protective custody or administrative segregation is used to prevent other prisoners from having access to the protected prisoner.  Even if Plaintiff had been placed in protective custody, Defendant Brogdon, an employee at the detention facility, would still have had access to Plaintiff.

the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." ***Id.***, ***Bass v. Perrin***, 170 F.3d 1312, 1318 (11th Cir. 1999).   The inmate in ***Sandin*** received a thirty day sentence in administrative segregation, which the Court adjudged was not an atypical and significant hardship in the prison setting.   Therefore, the inmate was not entitled to due process under the Constitution.

Here, Plaintiff states that he served a total of twenty-two days in segregation and lost recreation time.   This does not amount to an atypical and significant hardship imposed on him in relation to the "ordinary incidents of prison life."   Thus, in subjecting Plaintiff to these penalties, prison officials did not deprive him of a constitutional liberty interest that had the effect of entitling him to due process.

Finally, any First Amendment retaliation claim that Plaintiff seeks to raise must be dismissed.   Plaintiff has failed to tell the Court who (what prison official) "took 10 days of [his] recreation" from him because he filed so many grievances.   Moreover, it does not appear that this deterred Plaintiff from filing future grievances as he states that he simply filed a grievance regarding the loss of recreation time.

It is, therefore, **RECOMMENDED** that any due process claim and First Amendment retaliation claim that Plaintiff seeks to assert be **DISMISSED** from this action.

8

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

As explained above, at this stage in the litigation, the Court cannot find that Plaintiff's excessive force claim against Defendants Officer Goodrow, Officer Peavey, and Sgt. Brogdon is frivolous. Therefore, this claim shall go forward against these three Defendants.

It is hereby **ORDERED** that service be made against Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them

and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit**

**to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the **_Prison Litigation Reform Act_**, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the **_Prison Litigation Reform Act_**, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated

12

to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

      **SO ORDERED and RECOMMENDED**, this 29th day of August, 2012.


                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge