IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAKE DEREK JOLLY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER BRIAN GOODROW, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:12-CV-241(MTT) |

## ORDER

This matter is before the Court on the Plaintiff's motion to subpoena witnesses and documents. (Doc. 38). The Plaintiff requests that the Court subpoena his medical records and three non-party witnesses to appear on his behalf at trial. Fed. R. Civ. P. 45(b)(1) requires that when a trial subpoena is served, the serving party must tender "the fees for [one] day's attendance and the mileage allowed by law." Currently, a witness is entitled to $40 per day plus the costs of round-trip transportation. 18 U.S.C. § 1821(b). Although the Plaintiff has been allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b)(1), he is not entitled to the free use of the United States Marshal to effect service of a subpoena nor to an excusal from tendering the statutory fees due to a subpoenaed witness. *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Lloyd v. McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985)).

It is the Plaintiff's obligation to arrange and pay for service of subpoenas, including service of the required statutory advance fees. Accordingly, the Plaintiff's motion is **DENIED**. The Court advises the Plaintiff that the Clerk's staff has conferred with the Defendants' counsel, and the Defendants' counsel reports he will bring the

Plaintiff's medical records in his possession and surveillance footage of the alleged incident to the October 4, 2013 trial.

**SO ORDERED**, this 24th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT